

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

*********************************************************************

CHARLES A. BROWN,

    Petitioner,

-vs-

UNITED STATES OF AMERICA,

    Respondent.

CIV 02-30114

OPINION AND ORDER

*********************************************************************

Petitioner was charged with five counts of sexual contact with a child, each having a maximum sentence of ten years imprisonment, three counts of aggravated sexual abuse of a child, each having a maximum sentence of life imprisonment, and one count of incest, with a maximum sentence of 15 years imprisonment. The charges involved three different victims, including his daughter. He pleaded guilty to a three count superseding information charging sexual contact. He was sentenced on December 22, 2003, to consecutive terms of 50, 50, and 51 months, for a total custodial sentence of 151 months. Petitioner did not appeal to the United States Court of Appeals for the Eighth Circuit from his convictions and sentences.

In 2004, petitioner filed two motions to vacate, set aside, or correct his convictions and sentences pursuant to 28 U.S.C. § 2255. Upon initial consideration, only the ineffective assistance of counsel claim was allowed to proceed. The other claims were dismissed due to procedural default. Petitioner was instructed to supplement his motion to more clearly set forth his claim that counsel instructed him to lie to the court and he did so. On April 21, 2005, this court summarily dismissed petitioner's remaining claim pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Petitioner subsequently filed two motions for reconsideration, which were denied, and a motion to alter or amend one of the orders denying reconsideration, which motion was denied.

Petitioner has now filed a petition for a writ of error *coram nobis* challenging his 2003 convictions and sentences. He contends that his pleas were not knowing and voluntary because he was impaired by prescription drugs and that counsel instructed him to lie during his change of plea hearing. *Coram nobis* relief is 'substantially equivalent' to habeas corpus relief under 28 U.S.C. § 2255. United States v. Camacho-Bordes, 94 F.3d at 1172-73. It is thus appropriate, to the extent warranted by the facts, to apply the rules applicable to § 2255 proceedings. It is appropriate to conduct an initial consideration as contemplated by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Where a statute specifically addresses the particular issue at hand, it is that authority that provides a basis for relief. *See* Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 1467, 134 L.Ed.2d 613 (1996). The appropriate means to challenge federal court convictions and sentences is 28 U.S.C. § 2255, *see* United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000), or a writ of *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651, United States v. Camacho-Bordes, 94 F.3d 1168, 1171 n. 2 (8th Cir. 1996).

> Both writs are used to challenge a conviction or sentence, the main difference between the two being that coram nobis relief is available when the defendant is no longer in custody for the applicable conviction, while custody is a prerequisite for habeas relief.

United States v. Camacho-Bordes, 94 F.3d at 1173, n. 6. Petitioner is still in the custody of the Bureau of Prisons serving the sentences he is challenging. His projected release date is November 20, 2013. He is not entitled to challenge his convictions and sentences through a writ of error *coram nobis*.

Further, petitioner is not entitled to *coram nobis* review of issues considered and resolved in a previous § 2255 motion or appeal. Azzone v. United States, 341 F.2d 417, 419-20 (8th Cir. 1965). Petitioner has previously filed two motions to vacate, set aside, or correct his convictions and sentences pursuant to § 2255. He claimed in those motions that his pleas were not knowing and voluntary and that counsel was ineffective in advising him to lie to the Court. Petitioner is not entitled to *coram nobis* review of those issues which were resolved in his previous § 2255 motions.

2

It plainly appears from the face of the petition for a writ of error *coram nobis* that the petitioner is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Based upon the foregoing,

IT IS ORDERED that the petition for a writ of error *coram nobis*, Doc. 157, is denied.

Dated this 8th day of June, 2009.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Jeanette Morris*
　　　　　　　　　DEPUTY
　　(SEAL)